Filed 4/21/25  P. v. Rico CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO RICO,<br><br>    Defendant and Appellant. | H051270<br>(Santa Clara County<br> Super. Ct. Nos. CC954780,<br> CC962788) |

Defendant Alberto Rico petitioned for resentencing under Penal Code section 1172.75.[1]  This statute provides for resentencing in eligible cases in which a prior prison term enhancement under former section 667.5, subdivision (b) was imposed before January 1, 2020.  The trial court denied Rico's petition, reasoning that he was not eligible for resentencing because the punishment for one of his prior prison term enhancements was stayed and the punishment for the other prior prison term enhancement was stricken.  The trial court thus concluded that these enhancements were not "imposed," as required by section 1172.75, subdivision (a).

On appeal, Rico argues that the trial court erred in denying his petition because an enhancement under former section 667.5, subdivision (b) for which the punishment was stayed or stricken was nonetheless imposed within the meaning of section 1172.75, subdivision (a).  We agree and reverse.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

This matter involves three cases that were joined for purposes of sentencing.  In case No. CC954780, Rico pleaded no contest to one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and one count of possessing ammunition by a prohibited person (§ 12316, subd. (b)(1)).  Rico also admitted that he sustained a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior prison term (former § 667.5, subd. (b)).  In case No. CC962788, Rico pleaded guilty or no contest to four counts of second degree robbery (§§ 211, 212.5, subd. (c)) and admitted various enhancements, including a prior prison term enhancement under former section 667.5, subdivision (b).  The third case did not involve a prior prison term allegation.

At sentencing, the trial court imposed and stayed the punishment for one prior prison term allegation, and it struck the punishment for the other prior prison term allegation.  The trial court imposed an aggregate sentence of 16 years in prison.

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply, and effective in 2022, it enacted what is now section 1172.75 to allow for resentencing in cases involving now-invalid prior prison term enhancements.  (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020; former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Rico petitioned for resentencing under section 1172.75 in 2023.  The prosecution asserted that Rico was ineligible for resentencing because prior prison term enhancements for which the punishment was stayed or stricken were not "imposed" within the meaning of section 1172.75, subdivision (a).  The trial court denied Rico's

---

[2] The underlying facts of Rico's crimes are not relevant to the issue on appeal. Therefore, we only include the procedural history of this matter.

petition, stating: "The section 667.5(b) enhancement was not 'imposed' because no additional term of punishment was added to the base when the punishment was stayed or stricken at the time of sentencing."

Rico timely appealed.

## II. DISCUSSION

Rico argues he is entitled to section 1172.75 resentencing because his prior prison term enhancements were imposed, even though the punishment for these enhancements was stayed or stricken. He cites appellate decisions, including decisions from panels of this court, that support his position. The Attorney General contends that Rico is not eligible for resentencing, urging this court to follow the approach taken in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*).

Reviewing the issue de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we follow the weight of authority in concluding that an enhancement is "imposed" even if the punishment for the enhancement is stayed or stricken. Therefore, the trial court erred in denying Rico's petition for resentencing.

Section 1172.75 provides that, with one exception not applicable here, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (*Id.*, subd. (a).) The statute requires the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) After receiving that information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

A split of authority exists regarding the application of section 1172.75 to prior prison term enhancements for which the punishment was stayed. In *Rhodius*, the Court

3

of Appeal relied on *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), in which the California Supreme Court stated that the word "impose" as used in section 12022.53, subdivision (f)[3] means "impose and then *execute*, as opposed to impose and then *stay*." (*Gonzalez*, *supra*, at p. 1126; *Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted.) Based on *Gonzalez* and the legislative history of section 1172.75, the *Rhodius* court concluded that section 1172.75 was intended to apply to enhancements that were imposed and executed, not imposed and stayed. (*Rhodius*, *supra*, at pp. 44-45.)

A panel of this court, however, reached a different conclusion in *Renteria*, noting that the California Supreme Court in *Gonzalez* also stated that " 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*." ' [Citation.]" (*Renteria*, *supra*, 96 Cal.App.5th at p. 1282.) The panel in *Renteria* therefore concluded that Renteria was entitled to full resentencing under section 1172.75, despite the fact that his sentence included a stay of the prior prison term enhancements. (*Renteria*, *supra*, at pp. 1282-1283.)

Other appellate courts have similarly concluded that section 1172.75 applies where the punishment for prior prison term enhancements was stayed. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 12, 2024, S285853; *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1148 (*Bravo*).) Similarly, in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*), a panel of this court concluded: "A number of published decisions have considered whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed rather than executed. All but one has

---

[3] Section 12022.53 concerns sentence enhancements for the use of a firearm in the commission of enumerated felonies.

rejected the argument, advanced by the Attorney General here, that section 1172.75 applies only to now-invalid prison priors that were both imposed and executed. We conclude that there is no persuasive reason to depart from this view, which is based on the ordinary meaning of the word 'imposed,' and that section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Id.* at p. 193.)

We agree with the reasoning of *Renteria, Espino*, and the majority of appellate decisions on this issue. Therefore, we conclude that a prior prison term enhancement is "imposed" for purposes of section 1172.75 even if the punishment has been stayed.

The Attorney General argues that section 1172.75 generally requires that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" and that a sentence cannot be reduced if it was not increased by an enhancement in the first place. (§ 1172.75, subd. (d)(1).) This argument is unpersuasive. As the Court of Appeal observed in *Christianson*, "a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) Thus, elimination of a prior prison term enhancement results in a "lesser sentence" even if it does not result in a shorter one. (See *Espino*, *supra*, 104 Cal.App.5th at p. 197, review granted ["even when a prison prior is stayed and not executed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a lesser sentence than the one originally imposed"]; *Bravo*, *supra*, 107 Cal.App.5th at p. 1156 ["eliminating a stayed [prior prison term] enhancement results in a 'lesser sentence' for purposes of section 1172.75 even though it does not result in a shorter sentence"].)

The trial court in this matter struck the punishment for one of the prior prison term enhancements rather than staying the punishment for this enhancement. However, this

5

does not alter our analysis.  As a panel of this court recognized in *Espino*, "section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 193, review granted.)  The court in *Espino* observed that "when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions.  [Citations.]" (*Id*. at p. 201.)[4]

Rico is serving a sentence based on a judgment that includes qualifying prior prison term enhancements.  Therefore, he is entitled to resentencing under section 1172.75.  Accordingly, we remand the matter for the trial court to recall Rico's sentence and to resentence him.

### III. DISPOSITION

The trial court's order denying Rico's petition for resentencing is reversed.  The matter is remanded to the trial court, which is directed to recall Rico's sentence and to resentence him consistent with Penal Code section 1172.75 and current law.

---

[4] Recently, in *People v. Tang* (2025) 109 Cal.App.5th 1003 the Fourth Appellate District, Division One held that "a stricken enhancement is not an imposed enhancement within the meaning of section 1172.75, subdivision (a)." (*Id.* at p. 1005.)  However, the *Tang* court distinguished its situation from that in *Espino*, stating:  "striking an enhancement is different from striking the punishment for the enhancement." (*Tang*, *supra*, at p. 1010.)  Here, the trial court struck the punishment for one of the prior prison term enhancements; the court did not strike the enhancement itself.

_____

Greenwood, P. J.


WE CONCUR:




_____

Grover, J.






_____

Wilson, J.




H051270 People v. Rico